UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON LEE RENFRO,

        Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 2:17-cv-01617-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Jason Lee Renfro filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in failing to properly consider the medical opinions of Dr. Backlund. Had the ALJ properly considered the medical opinion evidence, the ALJ may have determined Plaintiff is disabled or

included additional limitations in the residual functional capacity ("RFC") assessment. Therefore, the ALJ's error is harmful and this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On April 3, 2014 Plaintiff filed an application for DIB, alleging disability as of April 3, 2014. *See* Dkt. 9, Administrative Record ("AR") 83-84. The application was denied upon initial administrative review and reconsideration. *See* AR 91, 99. A hearing was held before ALJ Laura Valente on October 18, 2016. *See* AR 36-90. On January 31, 2017, the ALJ found Plaintiff was not disabled. AR 11-30. On October 6, 2017 Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's January 31, 2017 decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) the opinions of treating psychiatrist Dr. Mark Backlund M.D., mental health counselor Sharon Olson, LMHC, and state agency consulting psychologists Dr. Diane Fligstein, Ph.D., and Dr. Michael Brown, Ph.D.; (2) Plaintiff's subjective symptom testimony; and (3) the RFC assessment and step five findings. Dkt. 11.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff alleges the ALJ failed to properly consider the medical opinion evidence of Dr. Backlund, Ms. Olson, Dr. Fligstein, and Dr. Brown. Dkt. 11 at 13-16.

A. Dr. Backlund, treating psychiatrist

Plaintiff first contends the ALJ failed to provide adequate reasons for giving minimal weight to the opinions of treating psychiatrist, Dr. Backlund. Dkt. 12 at 6-11.[1] The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In April 2015, Dr. Backlund opined Plaintiff is seriously limited[2] in his ability to ask simple questions or request assistance, set realistic goals or make plans independently of others, interact appropriately with the general public, travel in an unfamiliar place, use public

---

[1] Plaintiff does not challenge the minimal weight the ALJ gave to Plaintiff's Global Assessment Functioning scores as found by Dr. Backlund and Ms. Olson. *See* AR 26-27; Dkt. 12.

[2] Defined as "patient has noticeable difficulty (e.g. distracted from job activity) from 11 to 20 percent of the workday or work week." AR 457.

transportation, and work in coordination with or in proximity to others without being unduly distracted.[3] AR 457-58. Dr. Backlund indicated Plaintiff is unable to meet competitive standards[4] in making simple work-related decisions, completing a normal workday and work week without interruptions from psychologically based symptoms, accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, and dealing with normal work stress. *Id.* Dr. Backlund opined Plaintiff is extremely limited in activities of daily living and has marked difficulties[5] in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace. AR 459. Dr. Backlund opined Plaintiff would miss more than four days of work per month. AR 460.

In June 2016, Dr. Backlund opined Plaintiff's activities such as playing music with his band, riding his mountain bike periodically, and working in his garden/yard are not inconsistent with Plaintiff's inability to work due to panic disorder and/or major depression. AR 525. Dr. Backlund opined Plaintiff's counselor's notes are consistent with his own observations and findings. *Id.*

The ALJ gave Dr. Backlund's opinions minimal weight because his opinions were inconsistent with the overall evidence in the record, specifically, Plaintiff's activities of daily living. AR 26-27. The ALJ cited to Plaintiff's activities including regular "jamming" with his band, mountain biking, gardening and doing yard work, attending birthday dinners, performing

---

[3] Dr. Backlund noted Plaintiff's ability to work in coordination with or in proximity to others "depend[s] on day [and] circumstances". AR 457.

[4] Defined as "patient has noticeable difficulty (e.g. distracted from job activity) from 21 to 40 percent of the workday or work week." AR 457.

[5] "Marked means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired or even when one is impaired, so long as the degree of limitation is such as to seriously interfere with the ability to function independently, appropriately, effectively on a sustained basis." AR 459. The form did not provide a definition for "moderate" or "extreme". *See id.*

in magic shows, working on his mother's house, working for his step-father's campaign, attending family gatherings for holidays, shopping alone periodically, attending a memorial service for a friend, attending a concert, and taking his father to a medical procedure in a public place. AR 27 (citing AR 36-90, 444-45, 448, 467-68, 473, 475-76, 478, 481-82, 505, 507, 509-512, 537). An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, even if Plaintiff were proficient at these activities, without more from the ALJ the Court cannot determine whether they contradict the opinions of Dr. Backlund regarding Plaintiff's functional limitations.

First, the activities cited by the ALJ do not establish Plaintiff could perform basic work activities on a regular and continuing basis in a work setting. *See Smolen v. Chater*, 80 F.3d 1273, 1287 n. 7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."); *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989). For example, Plaintiff's ability to attend a concert or memorial service, perform "a couple of" magic shows, or take his father to a medical procedure, *see* AR 444, 477, 478, 507, do not contradict Dr. Backlund's opinions Plaintiff would miss four days of work every month, would be off task up to 40% of the work day, and be unable to complete a normal workday and work week without interruptions from psychologically based symptoms. *See* AR 457-58, 460. In addition, when discussing the memorial service for his friend, Plaintiff reported this caused him to get wound up and panicky, and he continued to feel distress several days later. AR 477. The record also lacks any detail as to

when Plaintiff performed in magic shows, and it is unclear if Plaintiff does so before or after the alleged onset date of disability (April 2014). *See* AR 83-84, 444.

Second, Plaintiff's testimony indicates his activities of daily living are more limited than noted by the ALJ. For example, Plaintiff testified he plays music with his band every other month, for approximately two hours, and his band members come to his house. AR 56, 61. Plaintiff testified he only drives and goes to the store every other week after his therapy appointments, but that he does not make any special trips out to the store because of his agoraphobia. AR 60-61. Regarding dinners and birthday parties, Plaintiff attends these events once a month with family members, and it takes the entire next day for Plaintiff to calm down. AR 63, 232. Although Plaintiff reported riding his bike in 2015, including riding to one therapy appointment in June 2015, AR 476, he also testified during the October 2016 hearing he had not done so over the last several months, AR 54. In his function report, Plaintiff reported he does not ride his bike as much because of his illnesses. AR 232. Plaintiff stated he can do yard and lawn work, but it requires great effort and he seldom finishes. AR 49 (hearing testimony), 230 (function report). The ALJ ignored these limitations in finding Dr. Backlund's opinions were inconsistent with Plaintiff's activities of daily living, and the ALJ's decision cannot be affirmed "simply by isolating a specific quantum of supporting evidence." *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989) (internal quotation marks and citations omitted); *See Reddick*, 157 F.3d at 722–23 (finding an ALJ must not "cherry-pick" certain observations without considering their context).

Third, even the treatment notes cited to by the ALJ reflect Plaintiff continues to have significant mental health symptoms which impact his daily activities. For instance, in December 2014 Plaintiff reported he avoids activities which trigger anxiety and panic. AR 445, 482. In

February 2016 Plaintiff arrived at his therapy appointment tearful, reporting he had not been doing well and was having panic attacks every few hours for the last several days. AR 507.

Thus, the evidence fails to reveal Plaintiff spends a substantial part of his day performing any of these activities or that the level at which he performed them is transferable to the work setting.

In addition, the ALJ failed to adequately explain how Plaintiff's activities of daily living are inconsistent with Dr. Backlund's opinions. The ALJ provided no analysis of why these limited daily activities – carried out while Plaintiff is suffering from anxiety, depression and panic attacks – are inconsistent with Dr. Backlund's opinions. It is error for the ALJ to simply identify daily activities without addressing how those activities, and Plaintiff's symptoms, translate to the world of work, especially, as in this case, work which must be conducted at the full range of work at all exertional levels. *See* AR 18-19; *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (finding the ALJ erred when he failed to explain why the claimant's daily activities were inconsistent with the doctor's opinion).

The ALJ also noted Dr. Backlund's June 2016 opinion, wherein Dr. Backlund opined Plaintiff's activities such as playing music with his band, riding his mountain bike periodically, and working in his garden/yard are not inconsistent with Plaintiff's inability to work due to panic disorder and/or major depression, AR 525, was an issue reserved to the Commissioner. AR 27 (citing 20 C.F.R. §§ 404.1527(e) and 416.927(e)). However, Dr. Backlund's June 2016 opinion was not an "administrative finding that [is] dispositive of a case, i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d)(1). Rather, it was an opinion on the severity of Plaintiff's impairments and the impact on his daily activities. *See id.* Therefore, this is not a valid reason to reject Dr. Backlund's June 2016 opinion.

After considering the record and the ALJ's findings, the Court concludes the record does not support the ALJ's finding Dr. Backlund's opinions were inconsistent with the overall record. Therefore, the ALJ has failed to provide a specific and legitimate reason, supported by substantial evidence, for giving minimal weight to Dr. Backlund's opinions. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (*quoting Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

Had the ALJ properly considered all of Dr. Backlund's opined limitations, the ALJ may have found Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Backlund found Plaintiff would miss more than four days of work per month and is unable to complete a normal workday and work week without interruptions from psychologically based symptoms. AR 457-58, 460. These limitations were not accounted for in the RFC. *See* AR 18-19

((RFC assessed Plaintiff as able to perform a full range of work at all exertional levels with the following limitations: maintain concentration and pace in two-hour increments with usual and customary breaks for complex and detailed tasks, work superficially and occasionally with general public, interact with supervisors occasionally, work in same room and undergo coordination with a small group of coworkers, up to 15). If Dr. Backlund's opinions as to Plaintiff's limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless, *see Molina*, 674 F.3d at 1115, and this case must be remanded for further consideration of the medical evidence.

      B. <u>Ms. Olson, mental health counselor, and Drs. Fligstein and Brown, state agency consulting psychologists</u>

Plaintiff next maintains the ALJ failed to properly consider the opinions of Ms. Olson and Drs. Fligstein and Brown. Dkt. 11 at 13-156. Defendant contends the ALJ did not err in relying on the opinions of Drs. Fligstein and Brown and giving little weight to Ms. Olson's opinion. Dkt. 12 at 2-3.

The Court concludes the ALJ committed harmful error in assessing Dr. Backlund's opinions and this case must be remanded for further consideration of Dr. Backlund's opinions. *See* Section I.A., *supra*. As this case must be remanded, the Court declines to consider whether the ALJ's consideration of the opinions of Ms. Olson and Drs. Fligstein and Brown were erroneous. Rather, because the ALJ's reconsideration of Dr. Backlund's opinions may impact the ALJ's assessment of the opinions of Ms. Olson and Drs. Fligstein and Brown, the ALJ must reconsider the opinions of Ms. Olson and Drs. Fligstein and Brown on remand.

## II. Whether the ALJ provided proper reasons for discounting the Plaintiff's subjective symptom testimony

Plaintiff contends the ALJ erred in evaluating Plaintiff's subjective symptom testimony. Dkt. 11 at 4-13. As previously stated, the Court concludes the ALJ committed harmful error in assessing Dr. Backlund's opinions. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective symptom testimony, the ALJ must reconsider Plaintiff's subjective symptom testimony on remand.

## III. Whether the ALJ erred in evaluating the RFC and Step Five Finding

Plaintiff argues given the purported errors in the ALJ's analysis of the opinion evidence, the ALJ's RFC assessment and step five finding was not supported by substantial evidence. Dkt. 11 at 16-18. The Court already has concluded the ALJ erred in reviewing Dr. Backlund's opinions and this matter should be reversed and remanded for further consideration, *see supra*, Section I. Therefore, the remainder of the sequential disability evaluation process, including the RFC assessment and step five, will need to be assessed anew.

## IV. Whether to remand for further administrative proceedings or for an award of benefits

Lastly, Plaintiff asserts that as a result of the ALJ's errors, an award of benefits is warranted. Dkt. 11 at 18.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error regarding Dr. Backlund's medical opinions. Because outstanding issues remain regarding the medical evidence, Plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings consistent with this Order.

Dated this 18th day of April, 2018.

David W. Christel
United States Magistrate Judge